IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD THOMPSON,

    Plaintiff,

v.

JEREMY JORDAN,

    Defendant.

CIVIL ACTION NO.
03-AR-0744-S



ENTERED
FEB 2 4 2004

## MEMORANDUM OPINION

Before the court is the motion of defendant, Officer Jeremy Jordan ("Jordan"), for summary judgment. Plaintiff, Richard Thompson ("Thompson"), filed the instant action on April 3, 2003, and claimed that Jordan falsely arrested him and used excess force against him, both of which were in violation of Thompson's rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

### Undisputed Facts

Jordan is a police officer with the City of Birmingham. On August 8, 2001, at approximately 6:15 p.m., Thompson, a truck driver passing through Birmingham on his way to North Carolina, was parked in his truck outside of a truck stop in Birmingham. The truck stop and surrounding area was an area where Jordan knew that drug sales occasionally took place. Jordan was patrolling the truck stop while on duty. He observed a man named Terry Porter ("Porter"), a man Jordan knew to have been involved with drug sales

1



in the past, standing outside Thompson's truck. Porter had previously been arrested at the truck stop, and had been told not to be on the premises. As Jordan approached in his police vehicle, Porter entered the passenger side of Thompson's truck and got into the truck's sleeper cab.

Jordan exited his vehicle, approached Thompson's truck, and asked Thompson to tell Porter to exit the truck. Thompson asked Porter to exit, but Porter did not do so. After a second request, Porter complied. Both Porter and Thompson were searched, and nothing illegal was found on either of them. Jordan then asked Thompson if he could search Thompson's truck. Thompson gave Jordan permission to search the truck. Jordan found a small amount of crack cocaine in a plastic bag hidden under the mattress in the sleeper compartment of Thompson's truck. Both Porter and Thompson denied ownership of the drugs. Jordan then arrested both Thompson and Porter, charging them with unlawful possession of a controlled substance, a felony in Alabama. Thompson remained in custody for five days, but was never tried or convicted as a result of the arrest.

### Analysis

The sole issue is whether Jordan is entitled to qualified immunity. Qualified immunity protects government actors from being sued in their individual capacities for discretionary functions performed as part of their job. *Holmes v. Kucynda*, 321 F.3d 1069,

1077 (11th Cir. 2003). Analysis of a qualified immunity defense proceeds in two stages. First, the court must ascertain "whether the defendant's conduct violated a clearly established constitutional right." *Chesser v. Sparks*, 248 F.3d 1117, 1122 (11th Cir. 2001). Second, the court must determine "whether a reasonable government official would have been aware of that fact." *Id.*

An arrest without a warrant is constitutional only if the arresting officer had probable cause. *United States v. Watson*, 423 U.S. 411, 417, 96 S.Ct. 820, 824 (1976). "A law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990). In order to receive qualified immunity, actual probable cause need not exist. *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). Only *arguable* probable cause needs to have existed. *Id.* The inquiry is "whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." *Id.*

Even viewing the facts in a light most favorable to Thompson, Jordan did not violate a clearly established constitutional right. Based on the circumstances, Jordan at least had "arguable probable

3

cause" to arrest Thompson. Jordan saw Porter, a known offender of drug laws in an area where drug deals were known to take place, enter Thompson's vehicle. Jordan then found crack cocaine in Thompson's vehicle. Under these circumstances, it was reasonable for Jordan to believe that probable cause existed for charging Thompson with unlawful possession of a controlled substance. Two people can simultaneously possess the same drugs.

Thompson cites *Holmes v. Kucynda,* 321 F.3d 1069 (11th Cir. 2003), in support of the proposition that mere presence in the same location as illegal drugs is not sufficient probable cause to make an arrest.[1] *Holmes* is distinguishable because the suspect there was a arrested for drugs found in an apartment where she was a visitor. *Holmes,* 321 F.3d at 1081. The *Holmes* court explained that constructive possession of illegal drugs "may be proven through circumstantial evidence that shows ownership, dominion, or control over the drugs or the premises where the substance is located." *Id.* at 1080. The court in *Holmes* found that constructive possession could not be established because "all of the available evidence supported the conclusion that [the suspect]

---

[1] Thompson also cites *Ex parte Fitkin,* 781 So.2d 182 (Ala. 2000), in support of the proposition that mere presence in the same location as illegal drugs is not sufficient probable cause to make an arrest. *Ex parte Fitkin* is not applicable to the instant case. *Ex parte Fitkin* dealt with the proof needed to *convict* an individual of marijuana possession based on a theory of constructive possession. *Id.* at 182. The legal standards used for conviction are much different than those for determining whether probable cause arguably existed.

was simply a visitor." *Id.* at 1081. In the instant case, Thompson had dominion and control over the actual place where the drugs were found. It was *his* truck. Therefore, Thompson's constructive possession of the drugs could theoretically be established in the instant case. Furthermore, *Holmes,* if it stands for the proposition that what Jordan did was over the line of constitutionally permissible conduct, came two years after the event made the subject of Thompson's suit, and could not have alerted Jordan or "established" Jordan's conduct to be unconstitutional for the purposes of a qualified immunity analysis.

### Conclusion

By separate order, the court will grant defendant's motion for summary judgment.

DONE this 24th day of February, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE