IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD THOMPSON,        }
                         }
    Plaintiff,            }
                         }       CIVIL ACTION NO.
v.                       }       03-AR-0744-S
                         }
JEREMY JORDAN,           }
                         }
    Defendant.            }



## MEMORANDUM OPINION

Before the court is the motion of plaintiff, Richard Thompson ("Thompson"), brought pursuant to Rule 59, Federal Rules of Civil Procedure. Thompson asks the court to retreat from its February 24, 2004 order granting the motion of defendant, Officer Jeremy Jordan ("Jordan"), for summary judgment. The parties orally argued the motions on April 16, 2004 at the court's insistence.

### Analysis

The undisputed facts of this case are set forth in the court's February 24, 2004 memorandum opinion (Doc. 21) and will not be repeated or elaborated here, except to the extent necessary to respond to plaintiff's Rule 59 motion. Thompson argues that the motion should be granted because Jordan did not believe that the drugs found in Thompson's truck belonged to Thompson. Thompson relies on the following quote from his own deposition: "I can't say which officer said it, but it was said that we know its [Thomas Porter's] drugs." Doc. 15 ex. 2 at 46.

1



Thompson says that this quote is sufficient to demonstrate that Jordan did not have arguable probable cause to arrest and detain him. Thompson relies on the following quote from *Kelly v. Curtis*, 21 F.3d 1544 (11th Cir. 1994) to support this argument:

> "When the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a truthful showing. ...This does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay ... as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true."

*Id.* at 1554-55 (quoting *Franks v. Delaware*, 438 U.S. 154, 165-66, 98 S.Ct. 2674, 2681 (1978)).

This argument only surfaced in reconsideration. In his response to the motion for summary judgment, Thompson did not cite *Kelly*. A Rule 59 motion to alter or amend a judgment "may not be used to raise arguments, or to present evidence, that could reasonably have been raised or presented before the entry of judgment." JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[6] (3d ed. 2003). Because *Kelly* was decided in 1994, there is no reason why Thompson could not have presented this argument to the court on original submission of Jordan's Rule 56 motion. That being said, Thompson did refer to the deposition testimony he relies on now in his response to the Rule 56 motion. Assuming that such a reference is sufficient to have raised the argument he sets forth now, the

court will consider the merits of his argument.

The court rejects Thompson's argument for two reasons. First, *Kelly* does not speak to the issue before this court. The cited portion of *Kelly* dealt with the Constitutional standards when an officer obtains an arrest warrant on the basis of the officer's sworn testimony. The court explained that "a police officer violates the Constitution if, in order to obtain a warrant, she perjures herself or testifies in reckless disregard of the truth." *Kelly*, 21 F.3d at 1554. This rule is not applicable to the instant case, which deals with a warrantless arrest.

Second, assuming Jordan did make the statement that Thompson now attributes to him, it does not mean that Jordan did not have arguable probable cause to arrest Thompson for constructive or joint possession of a controlled substance. In determining whether arguable probable cause exists, the court applies an objective standard. The court must determine "'whether the officer's actions are objectively reasonable...regardless of the officer's underlying intent or motivation.'" *Durruthy v. Pastor*, 351 F.3d 1080, 1089 (11th Cir. 2003) (quoting *Vaughan v. Cox*, 264 F.3d 1027, 1036 (11th Cir. 2001)). The crime of unlawful possession of a controlled substance can be established through constructive possession. *See Rawls v. State*, 585 So.2d 241 (Ala. Ct. Crim. App. 1991). "There is an inference of constructive possession when the controlled substance is found on premises owned or controlled by the accused."

3

*Id.* at 243. It is undisputed that the drugs were found in Thompson's truck. This is sufficient for arguable probable cause, even if Jordan doubted that the drugs belonged to Thompson. The only reasonable inference from the statement attributed to Jordan is that Jordan was convinced, based on Porter's criminal history, that the drugs were under the predominant control of Porter. There is no evidence submitted by Jordan or Thompson, even viewing the evidence in a light most favorable to Thompson, that would support an inference that Jordan somehow actually knew that the drugs belonged to Porter and only to Porter. The undisputed evidence establishes that the moment Jordan arrived on the scene Porter entered the passenger side of Thompson's truck and got into the truck's sleeper cab. There was no opportunity for Jordan to know that Porter had the drugs in his possession when he entered the truck. He may have been inartfully expressing a judgment from experience, but if he said what Thompson says one officer allegedly said to another, or heard it, that does not mean that he had no probable cause to arrest the owner of the place where the drugs were actually found. Thompson's deposition excerpt, standing alone, does not support an inference that Jordan had proof, beyond Porter's history, to establish that the drugs belonged only to Porter. Jordan's subjective belief that the drugs belonged to Porter, if true, does not negate the existence of arguable probable cause to arrest Thompson. The court must determine whether

4

Jordan's actions were objectively reasonable. Under these circumstances, the court finds that Jordan's actions, despite any subjective beliefs or doubts he may have held, were objectively reasonable, and that arguable probable cause existed.

## Conclusion

By separate order, the court will deny Thompson's motion to reconsider.

DONE this 29th day of April, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5